IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTY MCCURDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17 C 7073 |
| | ) | |
| GRANT & WEBER, INC., | ) | Judge Jorge L. Alonso |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christy McCurdy has filed a one-count class action complaint against defendant Grant & Weber, Inc., ("G&W") for the alleged violation of 15 U.S.C. § 1962e(16) of the Fair Debt Collection Practices Act ("FDCPA"). Before the Court is defendant's motion to dismiss [22]. For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff allegedly incurred a medical debt originally owed to Northwestern Medical Group. (Compl. ¶ 11.) She was unable to pay and defaulted on the debt. (*Id*. ¶ 12.) G&W, a debt collection agency, was then hired to collect the debt from plaintiff. (*Id*. ¶ 13.)

On September 21, 2017, G&W sent an initial collection letter to plaintiff. (*Id*. ¶ 14.) The letter contained information regarding the debt, including an account number, client number, and the amount due. (*Id*. ¶ 15.) The heading of the letter states, in part:

> GRANT & WEBER, INC.
> "A Professional Collection Corporation"
> Call: T. DIAZ
> 800-333-1656 Ext. 7719
> Member of Experian

(*Id*. ¶ 18; Ex. B.) G&W is a debt collector and is not affiliated with the credit reporting agency Experian. (*Id*. ¶ 19.)

Plaintiff filed this suit, alleging that G&W violated § 1692e(16) of the FDCPA when it sent the letter to plaintiff and stated that it is a "Member of Experian." Plaintiff contends that, by stating that it is a member of Experian, G&W made a materially false representation or implication that it operates or is employed by a consumer reporting agency. (*Id.* ¶ 23.) Plaintiff alleges that the statement misleads the unsophisticated consumer into believing that G&W is a credit reporting agency and that not paying the balance would have consequences to the consumer's credit. (*Id.* ¶ 25.)

G&W moves to dismiss, arguing that the use of the word "member" does not state or give the "unsophisticated consumer" the impression that G&W is owned or operated by Experian.

## STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a compliant must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept

the well-pleaded facts in the complaint as true, but [they] 'need[] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported be mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). When ruling on a Rule 12(b)(6) motion, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 n.2 (7th Cir. 2013) (citing *Geinosky v. City of Chi.*, 675 F.3d 743, 745-46 n.1 (7th Cir. 2007)).

## DISCUSSION

Plaintiff argues that G&W's use of the phrase "Member of Experian" is a violation of § 1692e(16) of the FDCPA, which prohibits the use of a debt collector from falsely representing or implying that a debt collector operates or is employed by a consumer reporting agency. 15 U.S.C. § 1692e(16). "The FDCPA broadly prohibits the use of any 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018); 15 U.S.C. § 1692e. In particular, the Act prohibits a debt collector from using "the false representation or implication that a debt collector operates or is employed by a consumer reporting agency. . . ." 15 U.S.C. § 1692e(16). The purpose of the statute is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

The Court evaluates an FDCPA claim by using the objective "unsophisticated consumer" standard. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014). This standard protects the consumer who is "uninformed, naïve, or trusting, yet admits an objective element of reasonableness." *Gammon v. GC Serv's Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir.

1994). "The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.* While the unsophisticated consumer may be "uninformed, naïve, or trusting," he also "possesses rudimentary knowledge about the financial world" and does not interpret collection letters in a "bizarre or idiosyncratic fashion." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). Under this standard, a statement will not be considered confusing or misleading unless "a significant fraction of the population would be similarly misled." *Id*. Generally, whether a communication is misleading is "a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d. 632, 636 (7th Cir. 2012) (internal citation omitted). However, a plaintiff fails to state a claim if the court can determine from the face of the letter in question that "not even a significant fraction of the population would be misled by it." *Id*.

  G&W moves to dismiss, arguing that the letter, when viewed in its entirety, does not violate the FDCPA because the word "member" does not falsely state or give the unsophisticated consumer the impression that G&W is owned or operated by Experian. G&W says that an unsophisticated consumer has basic financial knowledge and would understand that a collection agency sent the letter, not Experian or one of its affiliates or employees. Plaintiff responds that the phrase "Member of Experian" may mislead the unsophisticated consumer into believing that G&W is employed by Experian and that the consumer would suffer consequences if he or she did not pay the debt.

  Here, plaintiff has plausibly alleged that G&W violated § 1692e(16) of the FDCPA. The phrase "Member of Experian" could imply to the unsophisticated consumer that G&W operates or is employed by Experian. The word "member" is defined as "one of the individuals

4

composing a society, community, association, or other group." Webster's Third New International Dictionary at 1408 (1986). "Member" can also mean "a constituent part of a whole." *Id*. When applying this definition to the collection letter, an unsophisticated consumer could reasonably believe that G&W is part of Experian and that, as a part of Experian, G&W operates or is employed by Experian. This is not an irrational interpretation of the letter[1].

G&W urges the Court to look at the letter as a whole, arguing that it is clear that the letter was sent from a debt collector, not Experian or part of Experian. While G&W does identify itself as a debt collector or collection agency several times in the letter, G&W also states that it is a "Member of Experian." Nowhere in the letter does G&W clarify or explain what it means to be a "Member of Experian." As noted above, an unsophisticated consumer could reasonably believe that, by including the phrase "Member of Experian" in the letter, G&W falsely implied that G&W operates or is employed by a consumer reporting agency, namely Experian. At this stage of the proceedings, G&W has not shown that "not even a significant fraction of the population would be misled by" by the letter and the phrase "Member of Experian." *See Zemeckis*, 679 F.3d at 636. Accordingly, the Court finds that plaintiff has plausibly alleged a violation of the FDCPA.

## CONCLUSION

For these reasons, defendant G&W's motion to dismiss [22] is denied.

**SO ORDERED.**                   **ENTERED: August 13, 2018**

                                               **HON. JORGE ALONSO**
                                               **United States District Judge**

---

[1] Members of an LLC, for example, could operate or have control over the organization.