**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTY MCCURDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17 C 7073 |
| | ) | |
| GRANT & WEBER, INC., | ) | Judge Jorge L. Alonso |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christy McCurdy brings this suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Grant & Weber, Inc. ("G&W"). Before the Court are the parties' cross-motions for summary judgment as well as defendant's request for relief under 28 U.S.C. § 1927. For the reasons set forth below, defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied. Defendant's request for relief under § 1927 is denied.

## BACKGROUND

Plaintiff Christy McCurdy incurred an alleged medical debt originally owed to Northwestern Medical Group. She could not pay the debt and defaulted on it.

G&W is a collection agency that was retained to collect the debt. On September 21, 2017, G&W sent a collection letter to plaintiff conveying information about the debt, including an account number, client number, and an amount due. The heading of the letter states, in part,

> GRANT & WEBER, INC.
> "A Professional Collection Corporation"
> Call: T. DIAZ
> 800-333-1656 Ext. 7719
> Member of Experian

(Dkt. 69-3, pg. 2.) The letter states, in part,

> Your account has been referred to Grant & Weber, Inc., in an attempt to collect the balance now.
>
> ***
>
> Grant & Weber, Inc. is a debt collection agency. This is an attempt to collect a debt, by a debt collector.

(*Id.*)

Experian is a consumer reporting agency. While G&W is a "Member of Experian," G&W is not affiliated with Experian and does not report to credit bureaus on behalf of Northwestern Medial Group. As a "Member of Experian," G&W is able to access certain information about debtors and is able to report information to Experian.

Plaintiff testified that she knew the letter was a debt collection attempt and it was obvious that G&W was a debt collection company. She says she was unsure about the relationship between G&W and Experian. After reviewing the letter, plaintiff did not know whether G&W was employed by a credit reporting agency or whether G&W operated a credit reporting agency. Plaintiff says that the phrase "Member of Experian" made her think that the letter was going to hurt her credit score. She filed this suit, alleging that G&W violated § 1692e(16) of the FDCPA because it made a materially false representation or implication that it operates or is employed by a consumer reporting agency when it stated that it was a "Member of Experian."

## STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *See Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013). It is well settled that at the summary-judgment stage, the court does not make credibility determinations, weigh evidence, or decide which inferences to draw from the facts; those are jury functions. *See Gibbs v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014).

## DISCUSSION

## I.     Section 1692e(16)

G&W argues, among other things, that it is entitled to summary judgment because plaintiff has presented no evidence showing that consumers would be confused, misled, or deceived by the phrase "Member of Experian." Plaintiff cross-moves for summary judgment, arguing that she has satisfied the pre-requisites to establish an FDCPA claim, and that the letter was deceptive on its face by falsely implying that G&W is part of Experian and that G&W operates or is employed by Experian.

A plaintiff seeking relief under the FDCPA must show that (1) she is a "consumer" who was harmed by FDCPA violations, (2) the alleged debt stems from a transaction entered for

personal, family or household purposes, (3) the defendant is a debt collector, and (4) the defendant has violated a provision the FDCPA. *See Rawson v. Source Receivables Mgmt., LLC*, 215 F. Supp. 3d 684, 686 (N.D. Ill. Jan. 6, 2016). G&W does not dispute that plaintiff is a consumer, that the alleged debt is a debt under the FDCPA, or that it is a debt collector. At issue is whether G&W violated any provision of the FDCPA, namely § 1692e(16).

"The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 374 n.1 (2013). The statute was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. The statute prohibits debt collectors from taking certain actions, including "[t]he false representation or implication that a debt collector operates or is employed by a consumer reporting agency. . ." 15 U.S.C. § 1692e(16).

The Court uses the objective "unsophisticated consumer" standard to evaluate an FDCPA claim. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014). This standard protects the consumer who is "uninformed, naïve, or trusting, yet admits an objective element of reasonableness." *Gammon v. GC Serv's Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.* A statement will not be considered confusing or misleading unless "a significant fraction of the population would be similarly misled." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

"Statements alleged to be false or misleading under § 1692e fall into three categories." *Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 6830333, at *2 (N.D. Ill. Dec. 28, 2018) (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)). The first category involves statements that "plainly, on their face, are not misleading or deceptive." *Ruth*, 577 F.3d at 800. In this scenario, the court does not look to extrinsic evidence to determine consumer confusion but, rather, grants summary judgment for the defendant. *Id.* The second category involves statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer." *Id.* Under this scenario, a plaintiff may only prevail if he produces "extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.* The third category involves "plainly deceptive communications." *Id.* at 801. In those cases, the court will grant summary judgment to the plaintiff without requiring the plaintiff to prove what is already clear. *Id.*

G&W argues that the letter falls into the second *Ruth* category and that plaintiff is therefore required to produce extrinsic evidence, such as a consumer survey, to support her position that the unsophisticated consumer would find the words "Member of Experian" to be misleading or deceptive. Plaintiff disagrees and says that the letter falls into the third *Ruth* category. The Court agrees with G&W that the second *Ruth* category applies. Under this category, plaintiff is required to produce extrinsic evidence. She has failed to do so. Instead, she submits her own self-serving deposition testimony, which is insufficient. Accordingly, the Court grants summary judgment in favor of G&W. *See Lemke v. Escallate, LLC*, 374 F. Supp. 3d 727, 732 (N.D. Ill. Mar. 19, 2019) (when plaintiff failed to present any extrinsic evidence in § 1692e FDCPA claim that fell into second *Ruth* category, defendant was entitled to summary judgment); *see also Pettit*, 211 F.3d at 1061-62 (7th Cir. 2000).

## II.     Sanctions

G&W seeks attorneys' fees associated with defending the class component of this case under 28 U.S.C. § 1927, which provides, "[a]ny attorney. . .who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  A court may impose sanctions under § 1927 when "an attorney has acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice,' pursued a claim 'without a plausible legal or factual basis and lacking in justification,' or 'pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Bass v. Portfolio Recovery Associates, LLC*, No. 2018 WL 4005199, 2018 WL 4005199, at *4 (N.D. Ill. Aug. 22, 2018) (internal brackets and citations omitted).

G&W says that it is entitled to the requested fees because plaintiff's counsel unreasonably multiplied these proceedings by refusing to discuss an individual resolution to the case, ignoring G&W's requests to dismiss the class claims, forcing the parties to engage in class discovery, and then later abandoning her class claims. (Dkt. 68, pg. 12 (citing *Lee v. First Lenders Ins. Servs.*, 236 F.3d 443 (8th Cir. 2001)).  G&W says that, as a result, it had to incur considerable costs spent on unnecessary class-related discovery.  Plaintiff responds that the litigation in this matter has been "mundane" and that the discovery process was not extensive (it lasted just over six months, only two depositions were taken, and plaintiff issued only one round of discovery). (Dkt. 74-1, pg. 24.)  After reviewing the docket and the relevant exhibits, the Court finds that plaintiff's counsel's conduct in this case does not rise to the level of the conduct sanctioned in *Lee*.  This case involves a one-count FCDPA claim.  Plaintiff filed only one complaint; she did not file an amended complaint.  Discovery was relatively brief, as was the briefing in this matter.  Based on the information before the Court, the Court declines to issue sanctions under § 1927 at this time.

## CONCLUSION

For the aforementioned reasons, the Court grants defendant Grant & Weber Inc.'s motion for summary judgment [67] and denies plaintiff Christy McCurdy's motion for summary judgment [77].  Defendant's request for attorneys' fees pursuant to 28 U.S.C. § 1927 is denied.  Civil case terminated.

**SO ORDERED.**                                                    **ENTERED: September 27, 2019**

_____
**HON. JORGE ALONSO**
**United States District Judge**